[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by defendant-appellant Charles Todd Sells from a judgment of the Court of Common Pleas of Logan County denying his motion for post-conviction relief.
On March 29, 1990, Sells was indicted on one count of aggravated robbery with a firearm specification and one count of having a weapon while under a disability. At the trial, Chance Adams, Sells' accomplice in the robbery testified against Sells. Adams stated that he had received no deal in exchange for his testimony. Adams then went on to explain that he was required to plead guilty to the crime for which he was indicted and that no sentencing recommendation would be made. Jeffrey Phillips then testified that Sells had admitted involvement in the crime charged. Phillips stated that he had received no deal for his testimony against Sells.
On June 27, 1990, the jury found Sells guilty on all charges. Sells appealed his conviction and it was affirmed. On January 25, 1993, Sells filed a petition for post-conviction relief challenging his conviction on the firearm specification of count one. The petition was denied on April 20, 1993. On September 23, 1996, Sells filed a second petition for post-conviction relief. This petition alleged that the State permitted its witnesses to present misleading testimony and did nothing to correct the misunderstandings. On October 30, 1997, the trial court held an evidentiary hearing on Sells' petition. On November 14, 1997, the trial court denied Sells' petition. Sells filed his notice of appeal on December 12, 1997.
Sells raises the following assignments of error.
 The trial court erred in failing to grant Sells a new trial because the State withheld from the jury the full terms and conditions for the codefendant Chance Adams' plea agreement.
 The trial court erred in preventing Sells from questioning Marc Triplett about any consideration given to Jeffery Phillips in exchange for his testimony in the Sells trial.
 Sells was denied his right to present witnesses when the trial court closed the proceedings without the subpoenaed testimony of Michelle Babcock Robinson.
In the first assignment of error, Sells' argues that the State failed to correct Adams' misstatements concerning his deal with the State. Sells claims that Adams misled the jury when he testified that he had no deal. The record reveals that Adams' deal was that in exchange for his testimony against Sells before both the grand jury and at trial, Adams would be charged with robbery rather than aggravated robbery with a gun specification. This lesser charge would result in a lesser sentence. At trial, Adams first stated that he had no deal. During cross-examination, though, Adams admitted that he had pled guilty to a lesser charge in exchange for his testimony. Although Adams may not have explained the deal as clearly as the State could have, the general testimony was sufficient for the jury to understand that Adams was receiving some sort of preferential treatment in exchange for his testimony and the jury could then make the appropriate inferences about Adams' credibility. Since the testimony was representative of the deal, the State had no duty to further explain the deal to the jury. The first assignment of error is overruled.
The second assignment of error alleges that Phillips received a benefit from his testimony and thus misled the jury at trial when he stated that he received "no deal." The testimony at the hearing by Phillips did not reveal that he received any preferential treatment. Sells then attempted to have Phillips' attorney testify as to why Phillips received the deal he did. However, Phillips refused to waive client-attorney confidentiality and the attorney was not permitted to testify about the deal. Sells argues that Triplett, Phillips' attorney, should have been permitted to testify about whether Phillips received preferential treatment for his testimony.
In this case, the record is silent as to any benefit Phillips may have received by testifying against Sells. Both the prosecuting attorney and Phillips testified that his testimony did not affect his sentence. Additionally, the written confirmation of Phillips' deal does not mention testifying against Sells. Without some evidence to suggest that Phillips received a benefit, Triplett should not be compelled to violate client confidences and secrets. DR 4-101 provides in pertinent part:
 (A) "Confidence" refers to information protected by the attorney-client privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client.
 (B) Except when permitted under DR 4-101(C), a lawyer shall not knowingly:
(1) Reveal a confidence or secret of his client.
 (2) Use a confidence or secret of his client to the disadvantage of a client.
 (3) Use a confidence or secret of his client for the advantage of himself or of a third person, unless the client consents after full disclosure.
(C) A lawyer may reveal:
 (1) Confidences or secrets with the consent of the client or clients affected, but only after a full disclosure to them.
 (2) Confidences or secrets when permitted under Disciplinary Rule or required by law or court order.
 (3) The intention of his client to commit a crime and the information necessary to prevent the crime.
Phillips did not waive his attorney-client privilege. Thus any confidential communications or secrets may not be voluntarily revealed by Triplett. Therefore, the trial court did not err when it refused to permit Sells to question Triplett concerning his conversations with Phillips. The second assignment of error is overruled.
Sells' third assignment of error is that the trial court should have required Robinson to testify before it ended the hearing. Here, the trial court asked Sells if Robinson, a subpoenaed witness, was present and she was not. The trial court then permitted Sells to proffer the testimony of Robinson for the record. The trial court then stated that it would consider the proffer to determine if Robinson's testimony was deemed crucial. If the testimony was crucial, the trial court agreed to permit Sells to either submit Robinson's testimony by deposition or arrange a later date for her testimony. However, the testimony proffered by Sells was that Adams was a willing participant in the robbery and that he had lied to her about the gun. Robinson also would have stated that one of the reasons Adams testified against Sells was so that Adams would get a shorter prison sentence. This testimony does not provide any relevant evidence that was not already given by other witnesses. Thus, Robinson's testimony was not crucial and the trial court was not required to continue the proceedings until Robinson could be brought to testify. The third assignment of error is overruled.
The judgment of the Court of Common Pleas of Logan County is affirmed.
Judgment affirmed.
 SHAW, P.J., and EVANS, J., concur.